IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEAN J. MILLER, | § | CIVIL ACTION NO. 3-05cv2234-M |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| INNOVATIVE RISK MANAGEMENT | § | |
| d/b/a PROGRAMS PLUS, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S OBJECTION AND MOTION TO STRIKE PLAINTIFF'S EVIDENTIARY PROOF IN HIS RESPONSE TO DEFENDANT'S TRADITIONAL AND NO EVIDENCE MOTION FOR SUMMARY JUDGMENT**

Defendant, Innovative Risk Management, objects and hereby moves to strike Plaintiff's evidentiary proof submitted in Plaintiff's Brief In Response to Defendant's Traditional and No Evidence Motion for Summary Judgment. More specifically, statements contained within the Declaration of Dean Miller should not be considered by this Court because the statements are not properly authenticated, not based on personal knowledge, conclusory and are inadmissible assumptions or hearsay.

The Court should strike the following excerpts from the Declaration of Dean Miller:

1.      Paragraph 8, Page 4: "The control of labor relations as evidence by the employee manual was centralized. That is to say that all employment issues went to the same Human Resources Department. Also, the management was common that is to say that the managers were the same for both entities." Such statements are conclusory, calls for

a legal conclusion, is speculative and fails to properly establish the foundation for the statement being made on Plaintiff's personal knowledge.

2. Paragraph 8, Page 4: "all the finances of the company were controlled by Stuart Stagner, who authorized my raise in 2004, a few months before my termination." Such statement is conclusory, speculative and fails to properly establish the foundation for the statement being made on Plaintiff's personal knowledge that Plaintiff has any knowledge of how the finances were controlled by each corporation.

3. Paragraph 10, Page 5: "In January, 2004, I received a performance appraisal from Mr. Clifford which was performed January 19, 2004. On the last page, there was a salary change effective January 23, 2004, which was a 4% increase to $62,400 annually retroactive to January 1, 2004. As is noted in the appraisal, it was ok'd by Stuart Stagner, President of Innovative Risk Management, Inc." Such a statement by the Plaintiff is hearsay, conclusory, speculative and assumes facts with no evidence in the record to support Plaintiff's statement.

4. Paragraph 11, Pages 5 and 6: any statements by Mr. Miller that "Loveless failed the excel test on the employment application procedure and possesses no professional designations in the insurance industry." Plaintiff's statement fails to properly establish the foundation for the statement being made on Plaintiff's personal knowledge, is conclusory and speculative.

5. Paragraph 11, Page 6: "that is to say that as an underwriter, David Loveless is unable to prepare a spreadsheet which obviously is fundamental to the administration of underwriting." Such a statement is conclusory and fails to properly establish the foundation for the statement being made on Plaintiff's personal knowledge.

5. All statements by Mr. Miller in Paragraph 12, Page 6 pertaining to the employment experience of Mr. Loveless is unfounded and fails to properly establish the foundation for the statement being made on Plaintiff's personal knowledge.

6. Paragraph 13, Page 6: "No one else that I'm aware of in Underwriting had the expertise and experience that I possessed. David Loveless was clearly less qualified than I." Such a statement by Plaintiff is speculative, conclusory and assumes facts not in evidence.

7. All statements contained in Paragraph 14, Page 6 regarding the employment determinations for Ronnie Madison. Specifically, "Ronnie Madison is a 30-something year old person that took over my account with Mahoney Group", because such a statement fails to properly establish the foundation for the statement being made on Plaintiff's personal knowledge since these alleged actions occurred post Plaintiff's termination. Plaintiff fails to properly establish any facts/evidence which occurred after his termination with the company. Plaintiff attempts to testify as to alleged company actions after his separation with the company without providing this Court with the proper foundation for his personal knowledge of such alleged events.

8. Paragraph 15, Page 7: "I was clearly more qualified that any of the other people retained as an underwriter" because such as statement is conclusory, assumes facts not in evidence and is speculative.

9. Paragraph 16, Page 7: "After I was laid-off by Paul Clifford, Clifford was transferred into marketing with Innovative Risk Management/Programs Plus." Plaintiff fails to properly establish any facts/evidence which occurred after his termination with the company. Plaintiff attempts to testify as to the company's alleged actions after his separation with the

company without providing this Court the foundation for his personal knowledge of such alleged events. Statements made by Plaintiff after his termination is unfounded and not supported by personal knowledge and not supported by any evidence on the record. Further, "it was apparent to me that during my exit interview with Paul Clifford, that Clifford did not make the decision to terminate my employment, but rather it was the individuals from CNA who had recently come in and were now going to be the managers of the underwriting section of Innovative Risk Management." Plaintiff's statement is speculative, conclusory, not supported by personal knowledge and not supported by any evidence in the record.

10.     Paragraph 16, Page 7: "regardless of what account my pay came from, I was employed by Innovative Risk Management, which nation wide probably employed 50 more people in the year before my termination every single work day." Such a statement by Plaintiff is a legal conclusion, is speculative, unfounded and not based upon any evidence in the record.

Respectfully submitted,

DOWNS & STANFORD, P.C.

By: _____
TIMOTHY J. STANFORD
State Bar No. 19041030
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
(214) 748-7900
(214) 748-4530 - Fax

Attorneys for Defendant, INNOVATIVE RISK MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P 5, this will certify that the undersigned placed in the U.S. Mail, a true and correct copy of the foregoing instrument for service upon all counsel of record on this the 10th day of January, 2007, via:

John E. Wall, Jr.
Law Offices of John E. Wall, Jr.
5728 Prospect Avenue, Suite 2001
Dallas, TX 75206-7284

_____
Timothy U. Stanford